IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.               Case No. 18-10084-JWB

ROBERT MATTHEW BOWMAN,

      Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's motion to reduce sentence under 18 U.S.C. §3582. (Doc. 55.) The motion has been fully briefed by the parties and is ripe for decision. (Docs. 57, 58.) For the reasons stated below, the motion to reduce sentence is DENIED.

**I. Facts and Procedural History**

On February 28, 2019, Defendant pled guilty to one count of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). The authorized statutory punishment for the offense included imprisonment for a term of not less than five years and not more than twenty years. *Id.* Defendant's offense level under the sentencing guidelines included enhancements for material involving a prepubescent minor under the age of 12; for distributing material in exchange for receipt of material; for material that portrays sadistic, masochistic or other depictions of violence; for the use of a computer; and for an offense involving 600 or more images. (Doc. 43 at 23-24.) Defendant's total offense level was 37 and his criminal history category was I, resulting in an advisory sentencing range of 210 to 240 months imprisonment. (*Id.* at 30.) At sentencing, the court noted Defendant's history of charitable works and other accomplishments,

as well as the aberrant nature of his criminal conduct, and granted his motion for a variance, sentencing him to 96 months imprisonment, a five-year term of supervised release, $36,000 in restitution, and a $100 special assessment.  (Doc. 52.)  Judgment was entered on August 23, 2019.  (*Id.*)  Defendant's projected release date is December 22, 2025.  (Doc. 55-2 at 5.)  Defendant is twenty-seven years old.  (Doc. 43 at 2.)

On October 13, 2020, Defendant filed his motion for release, which argues his sentence should be reduced because he has severe asthma and allergies and is therefore at risk of severe symptoms or death from COVID-19.  (Doc. 55 at 7.)  Defendant is incarcerated at Seagoville FCI, which currently reports three active COVID-19 cases among inmates and two active cases among staff.  FED. BUREAU OF PRISONS, COVID-19 CORONAVIRUS: COVID-19 CASES, https://www.bop.gov/coronavirus (last visited Jan. 8, 2021).  It also reports four prior inmate deaths, 1,264 inmate recoveries, and 42 staff recoveries from COVID-19.  *Id.*  Seagoville FCI is a low-security institution with 1,624 inmates at the FCI and associated detention center.  The government opposes Defendant's motion, arguing Defendant's asthma condition does not meet the threshold for extraordinary and compelling reasons that warrant release, and further that the sentencing factors in 18 U.S.C. § 3553(a) weigh against the requested reduction.  (Doc. 57 at 14-15.)

**II.  Legal Standard**

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), was amended by The First Step Act.  Under the amendment, a defendant may now file his own motion for release if "(1) he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf."  *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2

(D. Kan. Apr. 10, 2020) (citation omitted); *see also* 18 U.S.C. § 3582(c)(1)(A). This requirement is jurisdictional. *Id*.

Next, the court may reduce a defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if the court determines that (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) ... and a determination has been made ... that the defendant is not a danger to the safety of any other person or the community." 18 U.S.C. § 3582(c)(1)(A)(i-ii). The court must also ensure that any sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

The Sentencing Commission's policy statement pertaining to sentence reductions under 18 U.S.C. § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. There are four categories of extraordinary, compelling circumstances: (1) the defendant is suffering from a terminal illness or is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least ten years or seventy-five percent of the term of imprisonment, whichever is less; (3) the defendant needs to serve as a caregiver for a minor child, spouse, or registered partner; and (4) other extraordinary and compelling reasons. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1.

Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537, *2 (D. Kan. Aug. 24, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)) (holding

defendant bears the burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, No. 14-10098-JTM, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020).

### III. Analysis

#### A. Exhaustion

Defendant has satisfied the exhaustion requirement. His administrative request for relief was denied by the warden of the facility on September 2, 2020. (Doc. 55-3 at 2.)

#### B. Extraordinary and Compelling Circumstances

According to the government, the Department of Justice has identified risk factors that place inmates at higher risks of complications from COVID-19. (Doc. 57 at 13.) Those factors include moderate to severe asthma. (*Id.*) The government argues that Defendant's asthma is not severe because "medical records confirm that he has a history of asthma but it is described as 'mild intermittent asthma.'" (*Id.*) The government cites no source for that assertion. Defendant's reply fails to address the assertion, and Defendant cites no evidence supporting his claim that he suffers severe asthma. Given that Defendant has the burden to show that compassionate release is warranted, *see Dial,* 2020 WL 4933537 at *2, and he cites no medical records to support his claim, the court concludes Defendant has failed to establish that his asthma or allergy condition is sufficiently serious to merit a reduction in sentence for extraordinary and compelling circumstances.[1]

#### C. Sentencing Factors

Prior to granting a motion for compassionate release, the court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and also find that Defendant is not a danger to

---

[1] The Presentence Report stated: "Mr. Bowman advises he is in overall good health. He states that he has 'severe asthma' for which he takes Singulair, Claritin, and a nasal spray. The defendant does not require an inhaler, as the medication controls the asthma." (Doc. 43 at 26.)

4

the safety of any other person or the community. *United States v. Reece*, No. 16-20088-JAR, 2020 WL 3960436, at *2, 7 (D. Kan. July 13, 2020). Some of the sentencing factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

Even if Defendant had shown a severe asthma condition sufficient to warrant consideration as an extraordinary and compelling circumstance, the sentencing factors in § 3553 show that a reduction in his sentence is not warranted. Defendant was convicted of a serious offense involving the exploitation of children. The seriousness of the offense is demonstrated by Congress's determination that the penalty for the offense must include at least a five-year term of imprisonment. 18 U.S.C. § 2252A(b)(1). Defendant has served only a little over one-fourth of his original sentence of 96 months, which was itself a significant reduction from the advisory guideline range applicable to the offense. The need for the sentence to reflect the seriousness of the offense, to provide just punishment, to promote respect for the law, to deter crime, to protect the public, and to avoid unwarranted disparities in sentences among similarly-situated defendants, all weigh strongly against a reduction in the sentence. After considering all of the circumstances, the court concludes a reduction in sentence is not warranted and should be denied.

### IV. Conclusion

Defendant's motion for sentence reduction under § 3582 (Doc. 55) is DENIED. IT IS SO ORDERED this 11th day of January, 2021.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE